Hon. John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA LOURDES P. CASTANEDA,<br><br>        Plaintiff,<br><br>        v.<br><br>DR. DONALD C. WINTER, SECRETARY OF THE NAVY and MID AMERICA HEALTH, INC.,<br><br>        Defendants. | No. C07-0953-JCC<br><br>ANSWER OF DEFENDANT DONALD C. WINTER |

COMES NOW the defendant, Donald C. Winter ("Defendant"), in his official capacity as Secretary of the Navy, by and through his counsel, Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Rebecca S. Cohen, Assistant U.S. Attorney for said District, and hereby answers Plaintiff's Complaint as follows:

**I. NATURE OF THE CASE**

1.  Defendant admits that Plaintiff worked at the Naval Station Everett Dental Clinic in Snohomish County, Washington, from October 1, 2000 until June 30, 2006, as a contract

ANSWER OF DEFENDANT DONALD C. WINTER – 1
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

employee through an agreement between Mid-America Health, Inc. and the Naval Logistic Command. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant denies that the Navy set all of the terms and conditions of Plaintiff's employment. Defendant asserts that Plaintiff was a contract employee and provided services to the Navy through a personal services contract.

3. Defendant admits that on or around February 23, 2006, Plaintiff communicated information to the Navy regarding an incident of alleged sexual harassment that had been committed by HM3 Jorge Reyes on February 22, 2006. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits the allegations in Paragraph 4, but asserts that HM3 Reyes was found guilty of only some of the charged offenses. Defendant asserts that HM3 Reyes was found not guilty with respect to all charges related to Plaintiff.

5. Defendant denies the allegations in Paragraph 5.

6. Answering Paragraph 6, Defendant admits that Mid-America terminated Plaintiff's employment effective June 30, 2006, but denies the remaining allegations in the paragraph.

## II.  PARTIES, JURISDICTION AND VENUE

7. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies them.

8. Defendant admits the allegations in Paragraph 8.

9. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. Defendant lacks sufficient knowledge to form a belief as to the truth of the

ANSWER OF DEFENDANT DONALD C. WINTER – 2
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

allegations in Paragraph 14 and therefore denies them.

    15.    Answering Paragraph 15, Defendant admits the existence of the cited statute, which speaks for itself, and asserts that no additional responsive pleading is required.

    16.    Defendant admits that Venue is proper in this Court.

### III.  FACTUAL ALLEGATIONS

    17.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

    18.    Defendant admits the allegations in Paragraph 18.

    19.    Defendant admits that Plaintiff was employed by Mid-America and provided on-site services at the Everett Naval Station Dental Clinic.  Defendant denies that all terms and conditions of Plaintiff's employment were set by the Navy.

    20.    Defendant admits that the Everett Naval Station Dental Clinic was staffed by military personnel and federal civilian personnel.  In addition, Defendant asserts that also on staff were civilian contract employees, one of whom was Plaintiff.

    21.    Defendant admits the allegations in Paragraph 21.

    22.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them. Defendant asserts that the Navy was not made aware of any allegations of improper conduct by HM3 Reyes until February 23, 2006.

    23.    Defendant denies the allegations in Paragraph 23.

    24.    Defendant admits that Plaintiff made her first and only complaint regarding HM3 Reyes on February 23, 2006, and denies any remaining allegations in Paragraph 24.

    25.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

    26.    Defendant denies the allegations in Paragraph 26.

    27.    Defendant denies the allegations in Paragraph 27.

    28.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

ANSWER OF DEFENDANT DONALD C. WINTER  – 3
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  29. Defendant denies the allegations in Paragraph 29.

2  30. Defendant admits that in or around May of 2006, Plaintiff was reassigned to a
3  position as a chair-side assistant. Defendant denies that Navy personnel refused to explain the
4  reason for the transfer. Defendant lacks sufficient knowledge to form a belief as to the truth
5  of the remaining allegations in Paragraph 30 and therefore denies them.

6  31. Defendant denies the allegations in Paragraph 31.

7  32. Defendant denies the allegations in Paragraph 32, and asserts that on or around June
8  30, 2006, Navy personnel informed Mid-America that Plaintiff's services were no longer
9  needed at the Dental Clinic. Defendant further asserts that Navy personnel did not have the
10 authority to terminate Plaintiff's employment with Mid-America.

11 33. Defendant denies the allegations in Paragraph 33 and asserts that failure to follow
12 the chain of command was one of various conduct/behavior issues that the Navy encountered
13 with Plaintiff.

14 34. Defendant denies the allegations in Paragraph 34.

15 35. Defendant lacks sufficient knowledge to form a belief as to the truth of the
16 allegations in Paragraph 35 and therefore denies them.

17 36. Defendant admits the allegations in Paragraph 36.

18 37. Defendant denies the allegations in Paragraph 37, but admits that DT2 Valverde had
19 counseled Plaintiff about her failure to follow the chain of command, which was one of the
20 reasons for the Navy's request that Mid-America replace Plaintiff.

21 38. Defendant denies the allegations in Paragraph 38.

22 39. Defendant denies the allegations in Paragraph 39.

23 40. Defendant denies the allegations in Paragraph 40.

24 **CAUSES OF ACTION**

25 41. Defendant denies the allegations in Paragraph 41.

26 42. Defendant denies the allegations in Paragraph 42.

27  To the extent Plaintiff's Prayer for Relief requires an answer, Defendant denies that
28 Plaintiff is entitled to any of the relief she seeks.

ANSWER OF DEFENDANT DONALD C. WINTER  – 4
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

All allegations contained in Plaintiff's Complaint not specifically admitted above are hereby denied.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

2. All actions taken by Defendant and the Navy with respect to Plaintiff were based upon legitimate, nondiscriminatory reasons.

3. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

4. Plaintiff has failed to exhaust her administrative remedies with respect to some or al of her claims.

5. Plaintiff has failed to mitigate her damages, if any.

6. Defendant is not a joint employer of Plaintiff under applicable law.

7. Defendant took timely and appropriate action in response to the information communicated by Plaintiff on February 23, 2006.

8. Defendant reserves the right to amend his Answer to state additional affirmative or other defenses as may become known in discovery.

WHEREFORE, having fully answered the Complaint of Plaintiff, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by her Complaint, and that Defendant be allowed costs and such other and further relief as the Court deems just and equitable.

ANSWER OF DEFENDANT DONALD C. WINTER – 5
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1   DATED this 20th day of August, 2007.

2                                           Respectfully submitted,

3                                           JEFFREY C. SULLIVAN
                                            United States Attorney
4

5
                                            /s/Rebecca S. Cohen
6                                           REBECCA S. COHEN, WSBA #31767
                                            Assistant United States Attorney
7                                           United States Attorney's Office
                                            700 Stewart Street, Suite 5220
8                                           Seattle, Washington 98101-1271
                                            Phone: 206-553-7970
9                                           Fax:   206-553-4073
                                            E-mail: rebecca.cohen@usdoj.gov

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT DONALD C. WINTER  – 6
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the United States Attorney Office for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers.

That on August 20, 2007, she electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the plaintiff(s):

Sara B Amies
E-mail: sara@stellerlaw.com

Stephen A Teller
E-mail: steve@stellerlaw.com

Gregory Hendershott
Email: gregoryhendershott@dwt.com

To the person(s) who are non CM/ECF participants, service will be made via U.S. postal service, addressed as follows:

-0-

DATED this 20th day of August, 2007.

/s/Jing Y. Xu
JING Y. XU
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
FAX:   206-553-4073
E-mail: jing.xu@usdoj.gov

ANSWER OF DEFENDANT DONALD C. WINTER  – 7
(C07-0953-JCC)

United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970